IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE L. CASILLAS : | |
| : | CIVIL ACTION |
| Plaintiff : | |
| vs. : | |
| : | NO. 08-CV-2576 |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security : | |
| : | |
| Defendant : | |

### MEMORANDUM OPINION

GOLDEN, J.                                                                                                    OCTOBER 7, 2009

        Plaintiff Jose L. Casillas appeals Defendant Social Security Administration's ("SSA") denial of his application for both disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Magistrate Judge issued a comprehensive 31-page Report and Recommendation ("R&R") upholding the SSA's findings. Plaintiff filed objections to the R&R which are nearly identical to the arguments made before the Magistrate Judge. After careful review of the R&R, Plaintiff's objections, and related briefs, this Court adopts the R&R and affirms the SSA's decision.

### STANDARD OF REVIEW

        The Court is limited in its judicial review of the Administrative Law Judge's ("ALJ") findings. See 42 U.S.C. § 405(g). The Court reviews objections to the Magistrate Judge's R&R *de novo*. Gorecki v. Massanari, 197 F. Supp. 2d 154, 157 (M.D. Pa. 2001) (citing 28 U.S.C. 636(b)(1)(c)). However, a district court's review of an ALJ's decision is more deferential, see Fargnoli v. Halter, 247 F.3d 34, 38 (3d Cir. 2001), because, like Magistrates, district courts are "bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003). It is "more than a mere scintilla but . . . somewhat less than a preponderance of the evidence." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). "Stated differently, the standard is met if there is sufficient evidence 'to justify, if the trial were to a jury, a refusal to direct a verdict.'" Reefer, 326 F.3d at 379 (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951)).

## ANALYSIS[1]

In his objections to the Magistrate Judge's report, Plaintiff reasserts that the ALJ inappropriately assessed Plaintiff's residual functional capacity ("RFC") by (1) failing to fully incorporate the opinion of the consultative physician regarding Plaintiff's physical limitations, and (2) discounting the opinions of Plaintiff's treating physician and therapist and a consultative psychologist regarding Plaintiff's mental impairments. (Pl.'s Objections at 1, 3). Plaintiff also asserts that the hypothetical question presented to the vocational expert ("VE") was legally insufficient, because it failed to account for the conditions described in the disputed medical opinions. (Id. at 6). This Court overrules Plaintiff's objections.

### Physical Limitations RFC Determination

Plaintiff objects that, because the ALJ found the consultative physician's medical source statement to be "reasonably credible" ( R. at 26), the ALJ fully adopted the consultative physician's more favorable assessment of Plaintiff's upper extremity limitations and thus should have found that he was disabled. (Pl.'s Objections at 1-2). The Magistrate Judge concluded that Plaintiff overstated the extent to which the ALJ deviated from the recommendations contained within the medical source

---

[1] Because the Court writes only for the parties, who are familiar with the facts in this case, it will not provide a summary of the evidence in the record.

statement; instead, the Magistrate Judge found that the ALJ used the medical source statement as a "primary baseline" for her RFC determination, in conjunction with other evidence in the record. (R&R at 24). This Court agrees with the Magistrate Judge.

A medical opinion is simply "one piece of evidence to evaluate in formulating the RFC . . . (and) it is not necessarily controlling." Pollace v. Astrue, No. 06-5156, 2008 WL 370590, at *5 (E.D. Pa. Feb. 6, 2008); see also Mays v. Barnhart, 78 F. App'x 808, 813 (3d Cir. 2003). The Magistrate Judge correctly concluded that the Social Security regulations reserve final judgment on a claimant's RFC to the Commissioner–meaning that an ALJ is not required to "transfer the responsibility of making a final RFC determination . . . to the medical expert." (R&R at 27) (citing 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2)). The law thus does not require the ALJ to limit her review of evidence to a consultative physician's opinion, even if the opinion is "reasonably credible."

Plaintiff's objection that the ALJ "adopted" but then deviated from the consultative physician's medical source opinion is unpersuasive, and not born out by the ALJ's plain language. (Pl.'s Objections at 2). In her discussion of the medical source statement, the ALJ never indicated an intention to adopt it wholesale, and her description of the medical source statement as "reasonably credible" does not imply otherwise. (R. at 26).

Plaintiff further argues that the ALJ failed to explain what evidence she looked at in deviating from the consultative physician's opinion to determine RFC in Plaintiff's upper extremities. (Pl.'s Objections at 2). The ALJ specifically cited to the results of EMG and nerve conduction studies; Plaintiff's failure to seek treatment for his hand injuries; Plaintiff's sole reliance on Tylenol for pain relief; and Plaintiff's own testimony regarding his ability to lift with his left and right hands. (R. at 25, 26). Both the Commissioner in his brief and the Magistrate Judge in his R&R pointed to this same recitation of evidence by the ALJ, but the Plaintiff characterizes these citations as "post-hoc

rationalization." (Objections at 2). Plaintiff presumably means that the ALJ did not in fact use the evidence she cited to evaluate RFC and deviate from the opinion of the consultative physician. This Court simply disagrees with Plaintiff's characterization, which has no basis in the text or logic of the ALJ's opinion. The ALJ cited to specific, substantial evidence to support her conclusion regarding RFC. Plaintiff's Objections are therefore overruled.

### Mental Limitations RFC Determination

Plaintiff reasserts that the ALJ improperly discounted the opinions of both the consultative psychologist and Plaintiff's treating physician and therapist in determining the extent of Plaintiff's psychological impairments. (Pl.'s Objections at 3). Although "[a] cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight," when a non-treating physician provides a conflicting opinion, the ALJ retains as the finder of fact the right to choose whom to credit so long as the ALJ does not "reject evidence for no reason or for the wrong reason." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer, 186 F.3d at 429 (3d Cir. 1999)); see also 20 C.F.R. §§ 404.1527, 416.927. Inconsistent and "contradictory medical evidence" provides a basis for the ALJ "to reject a treating physician's opinion outright." Brownawell v. Commissioner of Social Security, 554 F.3d 352, 355 (3d Cir. 2008) (citing Plummer, 186 F.3d at 429).[2]

---

[2] Plaintiff cites a recent Third Circuit opinion which states: "[T]his Court has 'consistently held that it is improper for an ALJ to credit the testimony of a consulting physician who has not examined the claimant when such testimony conflicts with testimony of the claimant's treating physician.'" Brownawell, 554 F.3d at 357 (quoting Dorf v. Bowen, 794 F.2d 896, 901 (3d Cir. 1986)). Plaintiff contends that the Magistrate Judge's R&R is inconsistent with the demands of Brownawell. (Objections at 5).

In Brownawell, the Court reviewed the plaintiff's second denial of disability benefits after the district court had remanded her first denial for a retrial. Id. at 354. The ALJ at the second hearing concluded that the plaintiff possessed mild, not severe, migraine symptoms, thereby denying her disability benefits. Id. at 356. This conclusion ignored both the opinions of the plaintiff's treating physician and the physician's treatment notes in the medical record. Id. Despite its limited power of review, the Third Circuit declined to defer to the ALJ's findings of fact because the record clearly did not contain substantial evidence to support these conclusions. Id. Brownawell differs markedly from the case at bar because, here, the ALJ assigned Plaintiff's treating physicians little weight when their medical source statements did not accurately reflect conclusions that might logically be drawn from their treatment

In drawing conclusions regarding the Plaintiff's mental health RFC, the ALJ chose to credit the testimony of a medical expert ("ME"), the "contemporaneous entries in the extensive treatment notes from Juniata Community Mental Health Center" authored by Plaintiff's treating physician and therapist, and the mental RFC assessment completed by a state agency psychologist.  (R. at 22, 24-26).  The ALJ accorded more weight to this evidence than to the medical source statements provided by Plaintiff's treating mental health providers and the consultative psychologist.  Because the statements proffered by Plaintiff's treating physician and therapist and the consultative psychologist were inconsistent with—and at times contradicted by–the contemporaneous treatment notes, the ALJ had reason to discount the statements, as she explained in her opinion.  (Id. at 25-26).

It is not within this Court's power to "weigh the evidence or substitute its conclusions for those of the fact-finder," see Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984), "even if the reviewing court would have decided the case differently."  Brunhammer v. Barnhart, No. 03-423, 2004 WL 1043779, at *6 (D. Del. Apr. 28, 2004) (citing Monsour Medical Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).  Despite Plaintiff's request, the Court will not and cannot engage in *de novo* review of the evidence in the record.  See Monsour Medical Ctr.,  806 F.2d at 1190-91 ("Overall, this test is deferential, and we grant similar deference to agency inferences from facts if those inferences are supported by substantial evidence, 'even [where] this court acting *de novo* might have reached a different conclusion'") (internal quotations omitted).  Substantial evidence in the record, accurately cited, supports the ALJ's reasoning.

---

notes.  (R. at 25-26).  Both the Magistrate Judge and this Court are satisfied that the treatment notes provide substantial evidence for the ALJ's conclusion.

Additionally, despite the quotation supplied by Plaintiff regarding the primacy of the opinions of treating physicians, the Third Circuit instructs that an ALJ presented with contradictory medical opinions "may choose whom to credit." See Morales, 225 F.3d at 317.  SSA regulations acknowledge that the opinions of treating physicians are not entitled to controlling weight if their assessments conflict with the medical record.  20 C.F.R. §§ 404.1527, 416.927.

**Hypothetical Question to the VE**

Finally, Plaintiff reasserts that the hypothetical question presented to the VE failed to fully incorporate the conditions described in the medical source statements regarding Plaintiff's physical limitations, and the conditions described in the discounted medical source statements regarding Plaintiff's mental limitations.  Therefore, Plaintiff argues that the question was legally insufficient.  (Objections at 6).  Plaintiff made identical arguments before the Magistrate Judge.  In the interest of judicial economy, this Court will not repeat the Magistrate Judge's thorough discussion.

For the reasons set forth, Plaintiff's Objections are overruled and the Court adopts the Magistrates Judge's Report and Recommendation to affirm the Social Security Administration's finding that Plaintiff is not disabled.  An appropriate order has been entered.